IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CANDELARIO MARTINEZ DURAN,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 1:15-CR-27 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Renewed Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion without prejudice based on Defendant's failure to exhaust his administrative remedies.

I.　BACKGROUND

　　　　Defendant previously sought release, arguing that his age and medical conditions, in combination with the COVID-19 pandemic, provided extraordinary and compelling reasons for his release. The Court denied that request on August 24, 2021, and that decision is currently on appeal before the Tenth Circuit Court of Appeals. Defendant filed a renewed Motion on January 24, 2022, again seeking release due to the ongoing pandemic. The United States opposes Defendant's Motion, asserting that Defendant has failed to exhaust his administrative remedies, failed to demonstrate extraordinary and compelling reasons for release, and that release does not comport with the factors under 18 U.S.C. § 3553(a).

1

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Here, Defendant exhausted his administrative remedies as to his initial motion. However, there is no evidence that Defendant exhausted his administrative remedies before filing the instant Motion. Defendant's exhaustion as to his original motion does not serve as a basis for exhaustion of his renewed motion.[2] Therefore, the Court will dismiss his Motion without prejudice.

To the extent that Defendant's Motion could be considered a request for reconsideration, it is denied. The Tenth Circuit has recently found that, unless a prisoner is unable to receive or benefit from a vaccine, a Defendant's incarceration during the pandemic does not present extraordinary and compelling reasons warranting a sentence reduction.[3] As the Court noted in

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021).

[3] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) ("Given the effectiveness of COVID-19 vaccines, we agree with the Sixth and Seventh Circuits

its prior order, Defendant has twice fully recovered from a previous COVID-19 infection and has received two doses of the Moderna vaccine. There is nothing to suggest that vaccines are either unavailable or ineffective for this Defendant. Therefore, the Court finds that Defendant has failed to present extraordinary and compelling reasons for release.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Renewed Motion for Compassionate Release (Docket No. 86) is DENIED.

DATED this 22nd day of March, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.") (quotation marks omitted).